## 13593. YEATES *v.* THE STATE.

BROYLES, C. J. The conviction of the defendant depending entirely upon
    circumstantial evidence, and that evidence not being sufficient to exclude
    every reasonable hypothesis save that of his guilt, his conviction was
    unauthorized, and the court erred in overruling the motion for a new
    trial.        *Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED JULY 25, 1922.

Accusation of possessing liquor; from city court of Miller county — Judge Geer.   April 1, 1922.

Presence at a still which was being operated and at which whisky was found was the main fact relied upon to support the accusation of having had possession of intoxicating liquor.   It was testified that the defendant, Rooster Yates, was with Alma Henry and Son Yates, sitting down, smoking cigarettes and talking, at a distance of about five feet from the still, when the sheriff and others first saw them and came up to them; that Son Yates ran off, and that the sheriff arrested the defendant and Alma Henry; that the still was running, and two gallons and a quart of whisky were found there; and one of the witnesses testified that he "heard them say, 'We have run $13 worth of whisky,'" but the witness did not know which one said that.   It was testified that the defendant did not have any liquor on his person, and was not seen doing anything towards the operation of the still, and that he said he had just walked up.   Alma Henry testified that the defendant had been at the still four or five minutes when the sheriff arrested them, and that the defendant "had nothing to do with the possession of liquor or apparatus;" that the defendant "was going down a path or old road whistling when he was called by his uncle," and did not know anything about the liquor or the still until he walked up, after being called; and that he (the witness) pleaded guilty of owning and possessing the liquor at the still.   Son Yates testified to the same effect, and that, so far as he knew, "this was a motherless still."   The defendant, in his statement at the trial, said that he did not know anything of the operation of the still, that he had been hunting, and was going along the road when his uncle called him, and he had just walked up when the sheriff came up, and that he did not run, because he was not there to violate any law and did not feel that he had done anything that would be a violation of the law.

*Jesse A. Drake, John E. Drake,* for plaintiff in error.

*Perry D. Rich, solicitor,* contra.